IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STEVEN BRADLEY POWELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:23-CV-237-MAB |
| | ) |
| FAISAL AHMED, et al., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

This matter is presently before the Court on Defendants' motion to dismiss this civil rights action because Plaintiff Steven Bradley Powell is no longer the real party in interest since he filed for Chapter 7 bankruptcy, and his civil rights claims now belong to the bankruptcy estate (Doc. 39). For the reasons explained below, the motion is granted.

## BACKGROUND

Mr. Powell was previously incarcerated in the federal Bureau of Prisons. On January 26, 2023, he filed the instant lawsuit *pro se*, alleging that employees at FCI Greenville were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment (Doc. 1; *see also* Doc. 16). The alleged deliberate indifference started when he arrived at Greenville in December 2020, and was ongoing until his release from prison in March 2023 (Doc. 1; Doc. 16; *see also* Doc. 13).

On February 2, 2024, about a year after his release from prison and while this case was pending, Mr. Powell filed a bankruptcy petition in the bankruptcy court of the

Western District of Washington, seeking relief under Chapter 7 of the Bankruptcy Code. *In re Steven Bradley Powell*, W.D. Wash. Bankr. Case No. 24-bk-40229, Doc. 1. According to Defendants, Mr. Powell disclosed this lawsuit on his schedule of assets in the bankruptcy case; specifically, in the section asking whether the debtor had any "claims against third parties," Powell listed "Steven Bradley Powell vs. Illinois[,] personal injury" (Doc. 39). *See In re Steven Bradley Powell*, W.D. Wash. Bankr. Case No. 24-bk-40229, Doc. 1, pp. 13–14; Doc. 9, pp. 4–5.

Defense counsel learned of Mr. Powell's bankruptcy petition about a month after it was filed, and subsequently filed the motion to dismiss that is now before the Court (Doc. 39). Defendants argue that this lawsuit is now part of Mr. Powell's bankruptcy estate, and he therefore cannot continue to litigate it because he is no longer the real party in interest—the bankruptcy trustee is (Doc. 39). Defendants contend that if the trustee declines to ratify, join, or be substituted into this action, then it must be dismissed pursuant to Federal Rule of Civil Procedure 17(a)(1) (Doc. 39).

Defense counsel sent the motion to dismiss to Mr. Powell via certified mail and email (Doc. 39, p. 5). She also sent it via mail and email to the attorney representing Mr. Powell in the bankruptcy case and the bankruptcy trustee (*Id.*). Mr. Powell asked for and was granted an extension of time, until May 13, 2024, to file a response to the motion to dismiss (Doc. 43). However, to date, Mr. Powell has still not filed a response, nor has the Court heard anything from Mr. Powell's bankruptcy attorney or the bankruptcy trustee.

## DISCUSSION

The commencement of a bankruptcy case creates an estate, which is comprised of

"virtually all of a debtor's assets, both tangible and intangible," *Parker v. Wendy's Int'l, Inc.*, 365 F.3d 1268, 1272 (11th Cir. 2004). *See also* 11 U.S.C. § 541(a)(1) (the filing of a bankruptcy case "creates an estate . . . comprised of . . . all legal or equitable interests of the debtor in property as of the commencement of the case."). Most relevant here, a debtor's assets include "causes of action belonging to the debtor at the time the [bankruptcy] case is commenced." 11 U.S.C. § 541(a)(1). *See also Kleven v. Walgreen Co.*, 373 Fed. Appx. 608, 610 (7th Cir. 2010) ("[I]f the event giving rise to the claim occurred before the debtor filed, the claim belongs to the trustee, who has exclusive power to prosecute it . . . ."); *Cannon-Stokes v. Potter*, 453 F.3d 446, 448 (7th Cir. 2006) ("[T]he estate in bankruptcy, not the debtor, owns all pre-bankruptcy claims . . . ."); *Biesek v. Soo Line R. Co.*, 440 F.3d 410, 413 (7th Cir. 2006) ("Pre-bankruptcy claims are part of debtors' estates . . . ."). *See also In re Polis*, 217 F.3d 899, 902 (7th Cir. 2000) ("On the date [plaintiff] filed her petition in bankruptcy, she had not yet sued [defendant], but the legal claim on which the suit was based, having arisen out of a transaction . . . that had occurred before the petition was filed, was already 'property' of the debtor and hence of the debtor's estate in bankruptcy.").

The trustee, as the representative of the bankruptcy estate, is the real party in interest with exclusive standing to prosecute claims that belong to the estate.[1] *Kleven*, 373 Fed. Appx. at 610 (citing *Biesek*, 440 F.3d at 413). *Accord Parker v. Wendy's Int'l, Inc.*, 365

---

[1] "The 'real party in interest' is the person who possesses the right or interest to be enforced through litigation," *RK Co. v. See*, 622 F.3d 846, 850 (7th Cir. 2010), "and not necessarily the person who will ultimately benefit from the recovery." *People of State of Ill. v. Life of Mid-Am. Ins. Co.*, 805 F.2d 763, 764 (7th Cir. 1986).

F.3d 1268, 1272 (11th Cir. 2004); *Wieburg v. GTE Sw. Inc.*, 272 F.3d 302, 306 (5th Cir. 2001).

Rule 17(a) of the Federal Rules of Civil Procedure requires that "an action must be prosecuted in the name of the real party in interest." FED. R. CIV. P. 17(a)(1). That being said, a "court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." FED. R. CIV. P. 17(a)(3); *Weissman v. Weener*, 12 F.3d 84, 87 (7th Cir. 1993) (noting that Rule 17(a) requires a court to afford the real party in interest a reasonable time to cure the defect before the case is dismissed).

Here, the claims Mr. Powell raised in the present case involve conduct and events that occurred a year or more before he filed his bankruptcy petition in February 2024. Accordingly, the claims encompassed by this lawsuit became the property of the bankruptcy estate at the time Mr. Powell filed his bankruptcy petition. The Trustee is therefore the real party in interest and the only person who can prosecute this lawsuit.

The Trustee presumably has known about this case, at least generally, since on or around the date that Mr. Powell filed for bankruptcy because it was listed in Mr. Powell's schedule of assets. The Trustee was provided with more specific information about this case when defense counsel transmitted the motion to dismiss to him. A reasonable time—approximately 90 days from the filing of the motion to dismiss—has been allowed for the Trustee to take action, but none has been taken. The Trustee has not filed a motion to substitute as the plaintiff in this case. Nothing has been filed in this case or in the bankruptcy case that indicates the Trustee consented to Mr. Powell continuing to

prosecute this matter on behalf of the estate. *See* 6A FED. PRAC. & PROC. CIV. § 1555 (3d ed.) (explaining that courts have interpreted the word "ratification" as used in Rule 17(a)(3) "to validate an arrangement by which the real party in interest authorizes the continuation of an action brought by another and agrees to be bound by its result, thereby eliminating any risk of multiple liability."). And nothing has been filed in this case or the bankruptcy case that suggests the Trustee intends to abandon the claim back to Mr. Powell under 11 U.S.C. § 554(a).[2] Likewise, Mr. Powell has not filed a motion asking the bankruptcy court to compel the Trustee to abandon the claims presented in this case under 11 U.S.C. § 554(b). And Mr. Powell did not file a response to Defendants' motion to dismiss indicating that he is taking any steps to become the real party in interest or otherwise demonstrating that his claims fall outside the bankruptcy estate.

The Court acknowledges that Mr. Powell listed this case on his schedule of assets. And this means that his claims in this lawsuit could potentially be abandoned back to him at some point in the future under 11 U.S.C. § 554(c), which provides that estate property scheduled but not administered before a bankruptcy case is closed is considered abandoned to the debtor at the close of the case. But for now, his bankruptcy case remains open and his claim unabandoned. Notably, Mr. Powell has not asked the Court to stay this case rather than dismiss it while he waits to see if and when his claims are abandoned

---

[2] A bankruptcy trustee may abandon worthless or low value assets, including legal claims. *See* 11 U.S.C. § 554; *Biesek v. Soo Line R. Co.*, 440 F.3d 410, 413 (7th Cir. 2006). Abandoning an asset is a formal process that requires notice to creditors and the opportunity for a hearing. *See* 11 U.S.C. § 554(a), (b). If the trustee abandons a legal claim, "title revert[s] to [the debtor]" and the debtor can prosecute the claim in his own name. *Matthews v. Potter*, 316 Fed. Appx. 518, 522 (7th Cir. 2009); *see also Biesek*, 440 F.3d at 413.

by operation of law.

Because the Trustee, by every indication, is uninterested in pursuing the civil rights claims and Mr. Powell has not taken any steps to become the real party in interest to his claims or to advocate in this Court for an outcome other than dismissal, this case does not have a proper plaintiff and must be dismissed under Rule 17(a)(1). The dismissal is without prejudice. *Van Sickle v. Fifth Third Bancorp*, No. 12-11837, 2012 WL 3230430, at *3 (E.D. Mich. Aug. 6, 2012) (citing *Biesek,* 440 F.3d at 413–14 (acknowledging harm that befalls creditors when court attaches preclusive effect to dismissal of undisclosed claims bankruptcy debtor later attempts to raise)); *accord In re Peregrin*, No. 12 A 1464, 2012 WL 5939266, at *6 (Bankr. N.D. Ill. Nov. 28, 2012).

## CONCLUSION

Defendants' motion to dismiss (Doc. 39) is **GRANTED**. This matter is **DISMISSED without prejudice** pursuant to Rule 17(a)(1) for lack of a proper plaintiff.

**IT IS SO ORDERED.**

**DATED: June 25, 2024**

                                                             s/ Mark A. Beatty
                                                             **MARK A. BEATTY**
                                                             **United States Magistrate Judge**