IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **STEVEN BRADLEY POWELL,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 3:23-CV-237-MAB |
| | ) |
| **FAISAL AHMED, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

# MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

This matter is currently before the Court on Plaintiff's Motion for Reconsideration of Ruling to Dismiss (Doc. 46). The motions is granted for the reasons explained below.

Plaintiff filed this *Bivens* action in January 2023, while he was still incarcerated, alleging that employees at FCI Greenville were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment (Doc. 1; *see also* Doc. 16). He was released from prison in March 2023 (*see* Doc. 13), and about a year later, he filed a bankruptcy petition in the bankruptcy court of the Western District of Washington. *In re Steven Bradley Powell*, W.D. Wash. Bankr. Case No. 24-bk-40229, Doc. 1. Defendants in the instant case moved for dismissal, arguing that because the *Bivens* suit was part of Plaintiff's bankruptcy estate, the bankruptcy trustee was now the real party in interest with exclusive standing to prosecute the claims, and Plaintiff could no longer continue to litigate the matter (Doc. 39). The trustee was notified of the motion to dismiss (*see id.*). Plaintiff asked for, and was granted, an extension of time until May 13, 2024, to respond

Page 1 of 4

to the motion (Doc. 41; Doc. 43). Over a month later, when Plaintiff still had not responded and the trustee had taken no action to ratify, join, or be substituted into the action, the Court dismissed the case and entered judgment (Doc. 44).

Fifteen days after judgment was entered, Plaintiff filed a motion for reconsideration (Doc. 46), which is presently before the Court. Plaintiff states that the only reason he did not respond to Defendant's motion to dismiss was because his bankruptcy attorney led him to believe that the *Bivens* suit had been stayed pending the conclusion of the bankruptcy case (Doc. 46). Plaintiff provided copies of emails between him and his bankruptcy attorney demonstrating that, after Plaintiff received Defendant's motion to dismiss, he sent it to his bankruptcy attorney to relay to the trustee "for immediate action" (Doc. 48, p. 15). He then made several inquiries to his attorney about what needed to be done in the *Bivens* case and was indeed told—repeatedly and erroneously—that it had been stayed until the bankruptcy proceedings concluded (*Id.* at pp. 14–15). When Plaintiff then received notice that the *Bivens* case had been dismissed, he immediately consulted his attorney (Doc. 46, p. 5) ("You said this was on hold until the trusty determined what they were going to do. Now they dismissed it out from under me."). Within days of receiving his attorney's response, he mailed his motion to reconsider to the Court (*see* Doc. 46, pp. 5, 6). His quick action provides support for his contention that his failure to respond to the motion to dismiss was an honest mistake due to his reliance on erroneous advice from his bankruptcy attorney.

Additionally, as the Court understands it, the bankruptcy docket now demonstrates actual abandonment of the trustee's interest in this suit. Specifically,

Plaintiff listed this suit on his schedule of assets. *In re Steven Bradley Powell,* W.D. Wash. Bankr. Case No. 24-bk-40229, Doc. 1, pp. 13–14; Doc. 9, pp. 4–5. The trustee was thus aware of the claim and had an opportunity to investigate it, *see id.* at Docs. 5–18, but apparently determined that it was of no value to the bankruptcy estate because the trustee filed a "Report of No Distribution" on June 24, 2024, indicating that after "a diligent inquiry into the financial affairs" of Plaintiff, it was determined that there was "no property available for distribution from the estate . . . ." *Id.* at Doc. 19, docket entry dated June 24, 2024. In other words, the trustee opted not to pursue the *Bivens* case and signaled his intent to abandon it. *In re Arboleda*, 224 B.R. 640, 645 (Bankr. N.D. Ill. 1998) (upon the entry of a "report of no distribution," which is also called a no-asset report, "a trustee effectively abandons any interest the bankruptcy estate has in property.") (citing *Cooper v. Walker (In re Walker)*, 151 B.R. 1006, 1008 (Bankr. E.D. Ark. 1993)). Plaintiff was granted a discharge in the bankruptcy case, *In re Steven Bradley Powell,* Doc. 19, and on July 29, 2024, the bankruptcy case was closed. *Id.* at docket entry dated July 29, 2024. Once closed, the *Bivens* action was automatically abandoned back to Plaintiff and he reacquired the right to litigate it. 11 U.S.C. § 554(c) ("Unless the court orders otherwise, any property scheduled . . . not otherwise administered at the time of the closing of a case is abandoned to the debtor and administered for purposes of section 350 of this title."); *In re Arboleda*, 224 B.R. 640, 645 (Bankr. N.D. Ill. 1998) (nothing the filing of a no-asset report abandons property of the estate once the case is closed) (citing *In re Reed,* 940 F.2d 1317, 1321 (9th Cir. 1991)); *In re Jones*, 657 B.R. 238, 252–53 (Bankr. N.D. Ill. 2024) ("Property abandoned under § 554 'ceases to be part of the estate' and generally, it 'reverts to the debtor and

stands as if no bankruptcy petition was filed.'") (quoting *In re Dewsnup*, 908 F.2d 588, 590 (10th Cir. 1990), *aff'd sub nom. Dewsnup v. Timm*, 502 U.S. 410 (1992)).

Under these circumstances, the Court finds that Plaintiff has established grounds for granting relief under Rule 60(b)(1). FED. R. CIV. P. 60(b)(1) ("On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect"). *See, e.g, Thompson v. Kerr–McGee Refining Corp.*, 660 F.2d 1380, 1384–85 (10th Cir.1981) (granting relief under Rule 60(b)(1) when litigation had previously been dismissed because of reliance upon attorney's advice that no appearance was necessary).

## Conclusion

Plaintiff's Motion for Reconsideration of Ruling to Dismiss (Doc. 46) is **GRANTED.** The Clerk of the Court is **DIRECTED** to **VACATE** the judgment in this case (Doc. 45) and **REOPEN** the case on the Court's docket. A new scheduling order will be entered by separate order and this case will also be set for a status conference by separate order.

**IT IS SO ORDERED.**

**DATED: March 28, 2025**

s/ Mark A. Beatty
**MARK A. BEATTY**
**United States Magistrate Judge**
